UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| IN RE DEANDRE HAWKINS, | Case No. 3:21-cv-00383-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |

*Pro se* Plaintiff Deandre Hawkins initiated this civil rights action on August 26, 2021. (ECF No. 1, 1-1.) However, the complaint he filed was almost entirely blank, and did not include the names of any defendants, any claims, or any factual allegations. (ECF No. 1-1.) The Court ordered Hawkins to file a completed complaint no later than September 27, 2021, or face dismissal of his suit. (ECF no. 3.) Hawkins failed to meet that deadline, and U.S. Magistrate Judge Carla L. Baldwin issued a Report & Recommendation which recommended Hawkins' complaint be dismissed. (ECF No. 5.) On November 18, 2021, Hawkins requested an extension of time to file a completed complaint. (ECF No. 6.) The Court granted Hawkins request, extending the deadline to December 20, 2021. (ECF No. 7.) However, the Court warned Hawkins that if he failed to meet the revised December deadline, the Court would dismiss his case. The deadline has now expired, and Hawkins has not filed an amended complaint or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.

1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's

order as satisfying this element[,]" *i.e.,* like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed without named defendants, claims, or factual allegations, the only alternative is to enter a second order setting another deadline. But given that the Court has repeatedly extended the deadline for Hawkins to file a completed complaint and, after the most recent extension, Hawkins did not even ask for additional time, the Court finds that further extensions would only prolong the inevitable. The Court's order requiring Hawkins to file a completed complaint by December 20, 202, expressly stated: "If Hawkins wishes to proceed with this action, he must file a complaint by December 20, 2021. If he fails to file a completed complaint on the correct form, the Court will dismiss this action without prejudice." (ECF No. 7 at 3.) Hawkins had adequate warning that dismissal would result from failing to comply with the Court's orders to file a completed complaint. Because Hawkins did not request another extension to complete his complaint, the Court finds that measures less drastic than dismissal would not achieve any meaningful end.

It is therefore ordered that this action is dismissed without prejudice based on Hawkins' failure to file a completed complaint in compliance with this Court's orders.

The Clerk of Court is directed to close this case. No further documents may be filed in this now closed case. If Hawkins wishes to pursue a civil rights action, he must file a new case.

DATED THIS 7th Day of January 2022.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE